THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT JOHNSON et al., Defendants-Appellees.

Second District   Nos. 2—88—0626, 2—88—0808, 2—88—0810, 2—88—0847 cons.

Opinion filed August 3, 1989.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James M. O'Shaughnessy, of Naperville, and Grant Eckhoff, of Glen Ellyn, for appellee James R. Gilloghy.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The State appeals from the judgments of the circuit court of Du Page County which rescinded the summary suspension of the driver's licenses of Robert Johnson, Roger McGehee, Richard Weigel, and James Gilloghy. Pursuant to the State's motion, we have consolidated these cases on appeal because each arose under a similar factual situation and raises the same issue. On appeal, the State contends that the failure of the arresting officers to appear at defendants' summary suspension hearings did not provide a basis for rescinding the suspension of defendants' driver's licenses.

Initially, we note that three defendants, Johnson, Weigel, and McGehee, have not filed an appellee's brief in this court. Because we have the benefit of an appellee's brief from defendant Gilloghy and based on the principles enunciated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, we shall review the issues raised in this appeal.

Defendants were arrested for driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). Subsequent to their arrests, each defendant had his driver's license summarily suspended because he either refused to take a breath test or took a breath test which indicated an alcohol concentration of .10 or greater. Each defendant was then given notice of his summary suspension, and defendants filed petitions to rescind their summary suspensions. At defendants' summary suspension hearings, the arresting officers failed to appear when defendants' cases were called. Pursuant to local Rule 34.05 for the Eighteenth Judicial Circuit (1987), defendants argued that their summary suspensions should be rescinded because the arresting officers failed to appear at the suspension hearings. The State objected and asserted that pursuant to section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)), it was going to proceed based on each officer's sworn report. In all four

cases, the trial court denied the State's objection and rescinded defendants' summary suspensions. From those orders, the State has timely brought this consolidated appeal.

The sole issue raised in this appeal is whether pursuant to local Rule 34.05, the trial court had the authority to rescind the summary suspension of defendants' driver's licenses when the arresting officers failed to appear for the suspension hearing.

Local Rule 34.05 for the Eighteenth Judicial Circuit (1987) states:

"(a) The arraignment dates for DUI cases shall be set by the arresting law enforcement agency. The arraignment date shall be not less than thirty days nor more than forty days from the date of arrest. The police officer setting the arraignment date shall take into consideration the following information: (i) the arresting officer's regular traffic field court date, (ii) any scheduled vacation of the arresting officer, (iii) any scheduled training of the arresting officer, and (iv) any Court holidays.

(b) If any return date would fall on a normal court holiday, the police officer shall set the next working court date for the arraignment.

(c) *The arresting officer shall be available in the courtroom on the date set for arraignment. Failure of the officer to appear pursuant to this Rule shall be considered by the Court to be the same as the failure of the complaining witness to appear in any criminal proceeding.*" (Emphasis added.) 18th Cir. R. 34.05.

On appeal, the State contends that, when the arresting officer fails to appear at a summary suspension hearing, Rule 34.05 does not permit the trial court to rescind a defendant's summary suspension. In support of its contention, the State first argues that the failure of a complaining witness to appear in a criminal proceeding does not warrant the dismissal of a criminal charge (see Ill. Rev. Stat. 1987, ch. 38, par. 114—1); therefore, the language of Rule 34.05 which refers to the failure of the complaining witness to appear should not be construed as warranting the rescission of a defendant's summary suspension. The State further argues that even if Rule 34.05 provides for the rescission of a defendant's summary suspension, such rescission is improper in these cases because defendants failed to subpoena the arresting officers. According to the State, to require the arresting officer to appear at a defendant's summary suspension hearing absent any effort on the defendant's part would undermine our legislature's intent to place the burden of proof in a summary suspension hearing on the defendant.

■■ While the State raises several meritorious arguments for reversing the trial court's rescission order, we elect to reverse the trial court's decision for the following reasons. In the relevant part, section 2—118.1(b) of the Illinois Vehicle Code states:

"The [summary suspension] hearing may be conducted upon a review of the law enforcement officer's own official reports; provided however, that the person may subpoena the officer. Failure of the officer to answer the subpoena shall be considered by the court to be the same as the failure of a complaining witness to appear in any criminal proceeding." (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).)

It is well settled that local court rules must be consistent with the rules of our supreme court and Illinois statutes and they cannot modify or limit the substantive law. (*Leonard C. Arnold, Ltd. v. Northern Trust Co.* (1987), 116 Ill. 2d 157, 167; see also 107 Ill. 2d R. 21; Ill. Rev. Stat. 1987, ch. 110, par. 1—104(b).) Furthermore, circuit courts are without the power to change the substantive burdens of the litigants before them. *People ex rel. Brazen v. Finley* (1988), 119 Ill. 2d 485, 491.

■■ Section 2—118.1(b) makes clear that the State is permitted to use the arresting officer's sworn report to support the summary suspension of a defendant's driver's license provided that the arresting officer is not under subpoena to appear. According to the record of this appeal, when the arresting officers failed to appear, the State informed the trial court that it would be proceeding on the officers' sworn reports. Defendants did not subpoena the arresting officers. Therefore, the State should have been permitted to proceed even though the arresting officers were not present at the suspension hearings. Consequently, we conclude that Rule 34.05 did not authorize the rescission of defendants' summary suspension to the extent that Rule 34.05 modifies or limits the State's right to proceed in accordance with section 2—118.1(b).

In reaching this result, we emphasize that our conclusion in no way invalidates Rule 34.05. In our opinion, the trial court misapplied Rule 34.05 to a summary suspension hearing. The language of the rule indicates that it is primarily designed for setting a defendant's arraignment date. Therefore, we consider the rule to be a regulation of the criminal proceedings resulting from an arrest for driving under the influence of alcohol, and not a regulation of the civil proceedings associated with the summary suspension of a defendant's driver's license.

■■ In his appellate brief, defendant Gilloghy asserts that the

State has failed to preserve any issue for appeal because it did not make an offer of proof regarding the admissibility of the police reports. This contention is meritless, however, in light of the fact that the arresting officers' sworn reports were made part of the record on appeal. Defendant Gilloghy further argues that the State's contentions on appeal should be considered moot because the State violated his right to a hearing within 30 days from the filing of his petition for a summary suspension hearing. The record indicates, however, that defendant Gilloghy was given a summary suspension hearing the same day upon which he filed a petition for such hearing. Therefore, the State's appellate contentions are not moot.

Based on the aforementioned reasons, the judgments of the circuit court are reversed, and the causes are remanded for further proceedings.

Reversed and remanded.

WOODWARD and DUNN, JJ., concur.