THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOSEPH M. CLAYTON, Defendant-Appellee.

Fourth District   No. 4—89—0974

Opinion filed August 16, 1990.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Roma Barksdale Larson and Thomas R. Appleton, both of Morse, Giganti & Appleton, of Springfield, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The defendant Joseph Clayton was issued an Illinois citation and complaint for driving under the influence of alcohol (DUI). He refused to submit to alcohol testing. The Secretary of State issued a statutory

summary suspension, and the defendant filed a petition to rescind the summary suspension. On December 8, 1989, the trial court granted the defendant's petition to rescind based upon the arresting officer's failure to appear for the hearing. The State appeals.

The principal issue on appeal before this court is whether the trial court was correct in *sua sponte* granting the defendant's petition for rescission of the summary suspension because of the absence of the arresting officer at the hearing. The defendant was issued an Illinois citation and complaint on October 1, 1989, for DUI in violation of section 11—501(a)(2) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). The law enforcement sworn report was completed showing the defendant refused to submit to alcohol testing. The report also contained comments on reasonable grounds to believe the defendant was in violation of section 11—501 "strong odor of alcohol, slurred speech, admits to drinking." On October 5, 1989, the defendant filed two motions, a motion to rescind the statutory summary suspension alleging that the arresting officer did not have reasonable grounds to believe that the defendant was driving, or in actual physical control of, a motor vehicle while under the influence of alcohol and a motion to quash the arrest alleging that the arresting officer had no probable cause to stop the defendant, or to arrest him for DUI.

At a hearing on the petition to rescind set for October 20, 1989, the parties appeared before Judge Mehlick. The trial court made a note, "Reset after 12/16/89." Computer notices were sent out October 31, 1989, by the circuit clerk's office showing a trial date of December 19, 1989, at 9 a.m. The bystander's report shows that at the October 20, 1989, hearing, the People informed the court that the arresting officer was not available to testify as he was in school until December 16, 1989. The defendant agreed not to proceed to hearing without the officer.

Contrary to the October 20, 1989, order, on November 21, 1989, the circuit clerk's office sent a notice of hearing on the petition to rescind the summary suspension, setting the matter for December 8, 1989. On that date, the parties appeared in court before Judge Shiffman, informed the court that the arresting officer was not present and the judge *sua sponte* granted defendant's petition and dismissed the case. As it pertains to the issues in this case, section 2—118.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1) provides in part:

> "The hearing may be conducted upon a review of the law enforcement officer's own official report; provided however, that

the person may subpoena the officer. Failure of the officer to answer the subpoena shall be considered by the court to be the same as the failure of a complaining witness to appear in any criminal proceeding."

At the December 8, 1989, hearing, the parties appeared before the court. The arresting officer was not present. Per the bystander's report:

"Upon being informed of this, the court sua sponte, granted the defendant's petition. No hearing was held. No subpoena was issued by the defendant for the arresting officer."

■■■ In *People v. Johnson* (1989), 186 Ill. App. 3d 951, 954, 542 N.E.2d 1226, 1228, the court stated:

"Section 2—118.1(b) makes clear that the State is permitted to use the arresting officer's sworn report to support the summary suspension of a defendant's driver's license provided that the arresting officer is not under subpoena to appear."

This statement is sound and is adopted. The arresting officer was not subpoenaed by the defendant, was not required to appear, and his failure to appear was not a basis for summarily granting defendant's petition for rescission. The arresting officer's sworn report was on file but no hearing on the merits of the petition held. As stated in *People v. McClain* (1989), 128 Ill. 2d 500, 508, 539 N.E.2d 1247, 1251:

"In a summary suspension hearing the burden of proof is on the motorist to present a *prima facie* case for rescission."

The trial judge at the December 8, 1989, hearing erred in granting the petition without hearing based upon the arresting officer's failure to appear.

The State also asserts as error in this case that the clerk, contrary to Judge Mehlick's order, set the matter for hearing prior to December 16, 1989. Because we find the order entered December 8, 1989, in error, which granted the motion to rescind the suspension, it is unnecessary to reach the issue whether the State was prejudiced when the trial date was erroneously set by the circuit clerk despite an order to set the matter subsequent to December 16, 1989. The order granting the defendant's motion for rescission of the summary suspension entered by the Sangamon County circuit court is reversed. The cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

SPITZ and GREEN, JJ., concur.