No. 2--01--1039

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
 
 

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of De Kalb County.

)

Plaintiff-Appellant, ) No. 01--DT--44

                                )

v. )

)

CHRISTOPHER WILEY, ) Honorable

) Kurt P. Klein,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

PRESIDING JUSTICE HUTCHINSON  delivered the opinion of the court:

The State appeals the trial court's order granting the petition of defendant, Christopher Wiley, to rescind the summary suspension of his driver's license.  The State contends that the court erred when it granted the petition without requiring defendant to present any evidence.  We reverse and remand.

Defendant was charged with driving under the influence of alcohol (625 ILCS 5/11--501(a)(2) (West 2000)).  The arresting officer served him with a notice of the statutory summary suspension of his driver's license.  Defendant petitioned to rescind the summary suspension.  He subpoenaed videotapes of his arrest but did not subpoena the arresting officer.

A hearing on defendant's petition was set for May 4, 2001, but defendant sought and received a continuance to June 12, 2001.  On June 12, defense counsel moved for another continuance but withdrew his motion when he noticed that the police officer was not in the courtroom.  Defense counsel and the prosecutor stated that they were ready to proceed.  The assistant State's Attorney told the trial court that he would stand on the officer's sworn report because the officer was not present in court that day.

The trial court responded that the State could not "just stand upon the sworn report" and that "this procedure had never occurred in the past in this Court."  The prosecutor replied that the State was allowed to stand on the officer's sworn report when defendant had not subpoenaed the officer.  The court reiterated that it would not allow such a procedure, turned to defense counsel and stated, "You win, draw the order."

The State filed a timely notice of appeal.  The prosecutor later submitted a draft of a bystander's report to the trial court for approval.  The court said that it would give the State an opportunity to proceed to a hearing on defendant's petition.  The prosecutor declined, stating that the court no longer had jurisdiction because the State had filed a notice of appeal.

On appeal, the State contends that the trial court erred when it summarily granted defendant's petition without requiring defendant to present a 
prima facie
 case for rescission.  A hearing on a petition to rescind a statutory summary suspension of driving privileges is a civil proceeding.  
People v. Smith
, 172 Ill. 2d 289, 294-95 (1996); 
People v. Schaefer
, 154 Ill. 2d 250, 257 (1993).  The defendant bears the burden of proof and, if he or she establishes a 
prima facie
 case for rescission, the burden then shifts to the State to come forward with evidence justifying the suspension.  
Smith
, 172 Ill. 2d at 295; 
People v. Orth
, 124 Ill. 2d 326, 341 (1988).  At the hearing, the State may proceed solely on the officer's sworn report.  625 ILCS 5/2--118.1(b) (West 2000).

Although not cited by either party, 
People v. Johnson
, 186 Ill. App. 3d 951 (1989), and 
People v. Clayton
, 201 Ill. App. 3d 163 (1990), are virtually indistinguishable from this case.  In 
Johnson
, this court held that the trial court erred when it summarily granted the defendant's petition to rescind his summary suspension on the basis of a local court rule that required the arresting officer's appearance at an arraignment.  We held that the local rule could not conflict with the state statute and that the court should have permitted the State to proceed with the hearing despite the officer's absence.  
Johnson
, 186 Ill. App. 3d at 954.

In 
Clayton
, the Fourth District followed 
Johnson
.  The court observed that the defendant bore the burden of proof in a rescission proceeding, that the officer had not been subpoenaed, but that he was not required to appear.  Accordingly, the court held that his absence was not a reason to summarily grant defendant's petition.  
Clayton
, 201 Ill. App. 3d at 165.  Even where a defendant does subpoena an officer and the officer fails to appear, the remedy is to grant a continuance to secure the officer's presence, not to summarily grant defendant's petition.  
People v. Tran
, 319 Ill. App. 3d 841, 843 (2001).

Here, the trial court erred when it summarily granted defendant's petition without requiring him to establish a 
prima facie
 case for rescission.  Defendant did not subpoena the officer, and section 2--118.1(b) allowed the State to proceed solely on the officer's sworn report.

Defendant objects, however, that the sworn report in this case is deficient because it does not state that defendant was driving or in actual physical control of a motor vehicle when he was arrested.  In a summary suspension rescission hearing, the trial court may consider deficiencies in the sworn report.  
People v. McClain
, 128 Ill. 2d 500, 505 (1989).

We agree with the State that it is doubtful whether the report can be considered deficient on this basis given its recitation that the officer had reasonable grounds to believe that defendant was violating section 11--501 of the Illinois Vehicle Code.  To violate that section, a defendant must be driving or in actual physical control of a vehicle.  See 625 ILCS 5/11--501(a) (West 2000).  Moreover, the sworn report need only certify that defendant was asked to take a sobriety test and refused and need not recite facts supporting a defendant's arrest.  
People v. Sarver
, 262 Ill. App. 3d 513, 514 (1994); see also 625 ILCS 5/11--501.1(d) (West 2000).

In any event, defendant's argument is premature because the trial court was never asked to consider and, in fact, all but said that it would not consider, the sworn report.  Even if the court considered the report and found it to be defective, the State would have to be given an opportunity to cure the defect.  
People v. Steder
, 268 Ill. App. 3d 44, 46 (1994).  For all these reasons, any alleged omission in the sworn report could not be the basis for summarily granting defendant's petition.

Defendant also contends that this case is moot because the trial court offered to proceed with a hearing after the State had filed its notice of appeal.  A case is moot where an actual controversy no longer exists or it is impossible to grant effective relief to either party.  
Johnson v. Du Page Airport Authority
, 268 Ill. App. 3d 409, 414 (1994).  Clearly, this court can grant the State effective relief by remanding the cause for a proper hearing.  Although the trial court offered to proceed to a hearing, it lacked jurisdiction to do so at the time because the State had already filed its notice of appeal.  Of course, the State could have dismissed its appeal (see 134 Ill. 2d R. 309), but it was not required to do so.  Defendant cites no authority for the proposition that a trial court may force a party to abandon its appeal by belatedly offering to reconsider the appealed-from order.

For the foregoing reasons, the judgment of the circuit court of De Kalb County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and BOWMAN, JJ., concur.