No. 2--06--1044          Filed: 10-24-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 06--TR--22191 |
| SAM C. MARSALA, | ) ) | Honorable Gordon E. Graham, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

The State appeals from an order of the circuit court of McHenry County granting the petition of defendant, Sam C. Marsala, to rescind the summary suspension of his driving privileges (see 625 ILCS 5/11--501.1 (West 2002)). The State contends that the trial court erred in granting defendant's petition, because defendant failed to make a prima facie case. We reverse.

Defendant's driving privileges were summarily suspended on the basis that, after being arrested by a McHenry County sheriff's police officer for driving under the influence of alcohol (DUI), he submitted to testing that revealed an alcohol concentration of 0.121 (625 ILCS 5/11--501(a)(1), (a)(2) (West 2002)). At the hearing on his petition, defendant proceeded on two grounds: first, that the arresting officer did not have reasonable grounds to believe that defendant was in actual physical control of a motor vehicle while under the influence; and second, that the notice of summary

suspension was deficient because it failed to allege facts establishing that defendant was operating a motor vehicle while under the influence.

In support of his petition, defendant presented the testimony of Officer McKenzie. McKenzie was on duty during the early evening of April 19, 2006, and he arrested defendant on that date. There were no outstanding warrants for defendant's arrest. When asked whether he observed defendant drive a motor vehicle, McKenzie responded: "No." When asked whether he observed defendant commit a traffic violation, McKenzie responded: "No." At that point, defense counsel terminated his examination. When the court asked the State whether it wished to cross-examine McKenzie, the State responded: "Nothing at this point." Thereafter, defense counsel moved for a directed finding, stating: "There is no--I've met my burden. No warrant, no observation of any crime. Burden would shift to the State and they haven't put on any evidence." The State also moved for a directed finding, stating: "The petitioner has put forth no evidence to establish that [the officer] did not have reasonable grounds to believe that [defendant] was in actual physical control while under the influence. It's their burden to put forth evidence which would establish that and they have failed to do so." The State also stated: "And as to the notice of summary suspension being insufficient, we'd ask that our motion be granted. They failed to put forth any evidence that would establish that notice was insufficient."

The trial court granted defendant's petition to rescind, stating: "The only testimony was this officer didn't see this person do anything illegal. It's a make-your-own DUI, but he didn't make it." When the State argued that it did not have the opportunity to put on its case once the burden shifted, the court responded: "Under the law, at the conclusion of the evidence that was presented, done.

You can't change the fact that he never saw the guy driving the car." The court did not explicitly rule on the State's motion for a directed finding.

On July 26, 2006, the State filed a motion for reconsideration. The State argued that the trial court erred in not granting the State's motion for a directed finding after defendant rested his case. The State also argued that the trial court erred in granting defendant's petition before allowing the State to present its case. At the hearing, the trial court reviewed the transcript and stated that when the parties made cross-motions for a directed finding, the officer's testimony established that the officer "had not even seen [defendant] in the car or driving the car. That's the only thing the court had." The trial court denied the motion.

The State filed a timely notice of appeal. Defendant has not filed an appellate brief, but this appeal is amenable to decision on the merits under the principles of First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976).

The State contends that the trial court erred in granting defendant's petition to rescind his summary suspension. According to the State, defendant failed to present a prima facie case for rescission and, even if he had, the trial court erred in not allowing the State to present its case. We agree.

Section 11--501.1(a) of the Illinois Vehicle Code (625 ILCS 5/11--501.1(a) (West 2002)) provides, in pertinent part, that "[a]ny person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol *** in the person's blood if arrested *** for [DUI]." If a motorist submits to testing that reveals a blood alcohol level in excess of the legal limit, or if he or she refuses to submit to testing, his or her

driving privileges will be summarily suspended by the Secretary of State upon the submission of a sworn report of the arresting officer. 625 ILCS 5/11--501.1(d), (e) (West 2002). A motorist whose driving privileges have been summarily suspended may request a judicial hearing at which to seek rescission of the suspension. 625 ILCS 5/2--118.1 (West 2002).

A hearing on a petition to rescind a summary suspension of driving privileges is a civil proceeding. People v. Smith, 172 Ill. 2d 289, 294-95 (1996); People v. Wiley, 333 Ill. App. 3d 861, 863 (2002). The defendant bears the burden of proof and, if he establishes a prima facie case for rescission, i.e., if he "present[s] at least some evidence on every element essential to his cause of action" (emphasis added) (Kokinis v. Kotrich, 81 Ill. 2d 151, 154 (1980)), then the burden shifts to the State to come forward with evidence justifying the suspension. Smith, 172 Ill. 2d at 295; Wiley, 333 Ill. App. 3d at 863. A defendant's failure to establish a prima facie case warrants a directed finding in favor of the State. People v. Hawkins, 221 Ill. App. 3d 460, 464 (1991). A trial court's determination of a prima facie case will not be disturbed on appeal unless it is against the manifest weight of the evidence. People v. Fortney, 297 Ill. App. 3d 79, 88 (1998).

The evidence presented by defendant established that McKenzie did not observe defendant driving a motor vehicle. Based thereon, the trial court granted defendant's petition, stating: "The only testimony was this officer didn't see this person do anything illegal. It's a make-your-own DUI, but he didn't make it." Although McKenzie's testimony may have been sufficient to establish a prima facie case that McKenzie did not have a reasonable basis to conclude that defendant was driving a motor vehicle while under the influence, defendant presented no evidence on the issue of whether McKenzie had a reasonable basis to conclude that defendant was in actual physical control of a motor vehicle. It is well established that a person need not drive to be in actual physical control of a vehicle. See

City of Naperville v. Watson, 175 Ill. 2d 399, 402 (1997) (and cases cited therein). Notably, the trial court's summary on reconsideration of the officer's testimony--that the officer "had not even seen [defendant] in the car or driving the car"--was not accurate. The officer testified only that he did not see defendant driving the car. Because defendant failed to establish a prima facie case for rescission based on his allegation that McKenzie did not have reasonable grounds to believe that he was in actual physical control of a motor vehicle while under the influence, the trial court erred in granting the petition and in failing to grant the State's motion for a directed finding on that basis. See Hawkins, 221 Ill. App. 3d at 464 (petitioner's failure to introduce evidence on every element necessary to his cause of action warrants a directed finding for the State).

We also note that defendant failed to put forth any evidence to support his allegation that the notice of summary suspension was deficient in that it failed to allege facts that defendant was operating a motor vehicle while under the influence. Therefore, the trial court erred in failing to grant the State's motion for a directed finding on this basis as well.

For the foregoing reasons, the judgment of the circuit court of McHenry County is reversed.

Reversed.

BOWMAN and ZENOFF, JJ., concur.