No. 3--07--0869

_____

Filed October 6, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE | ) | Appeal from the Circuit Court |
| OF ILLINOIS, | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois, |
|     Plaintiff-Appellant, | ) | |
| | ) | |
|     v. | ) | No. 07--DT--1626 |
| | ) | |
| BRIAN PAIGE, | ) | Honorable |
| | ) | Bennett J. Braun, |
|     Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the Opinion of the court:
_____


The defendant, Brian Paige, was charged with driving under the influence of drugs, and his license was summarily suspended for refusing or failing to submit to drug testing. 625 ILCS 5/11--501(a)(4), 11--501.1 (West 2006). He filed a petition to rescind the summary suspension, which the trial court granted. The State appealed. We reverse and remand.

On September 4, 2007, the defendant filed a petition to rescind the summary suspension of his driver's license. The defendant cited three grounds for recision: (1) the arresting officer did not have reasonable grounds to believe that he was driving or in control of a motor vehicle while under the influence

of drugs; (2) he was not properly warned as provided by statute; and (3) he did not refuse to submit to or complete the required chemical test.

On October 16, 2006, the court held a hearing on the defendant's petition to rescind his summary suspension. The defendant testified that on August 31, 2007, at approximately 11:30 p.m., he encountered a roadblock on Jefferson Street in Joliet, Illinois. At that time, the defendant was not speeding, swerving, or changing lanes without signaling.

An Illinois state trooper waved the defendant over to a parking lot and told him to pull up to a female officer in the parking lot. The officer asked the defendant for his license and proof of insurance. She then told him that she smelled marijuana coming from his vehicle. She asked the defendant if he had ingested any marijuana; he responded that he had not.

On cross-examination, the defendant denied smoking any marijuana that evening. The defendant also denied telling the officer that he had smoked some marijuana earlier that evening. The defendant had been with other people who had smoked marijuana. The defendant then objected to the State's question regarding events that occurred after the defendant exited the vehicle. The defendant stated that he was only proceeding upon the argument that the police did not have reasonable grounds for the stop of his

2

vehicle. The State withdrew the question, and the defendant rested.

At that point, the State moved for a directed finding. The State argued that the defendant had failed to make a prima facie case that the stop of his vehicle was unconstitutional. The court denied the motion.

The State then called Trooper Shelly Cox to testify. Cox testified that she was assigned to a roadside safety check on August 31, 2007. Generally during a roadside safety check, five cars at a time are waved into the security area, which is usually a parking lot. If no problems are detected, the drivers are allowed to go.

On the evening in question, the safety lanes within the parking lot were cleared of cars. The master sergeant then waved in the next five cars proceeding down the street. A white pickup truck was the first vehicle waved into Cox's lane. The driver, whom Cox identified as the defendant, lowered his window. Cox asked him for his driver's license and proof of insurance. The defendant did not have his license. As she was speaking with him, Cox noticed the odor of burned cannabis coming from the vehicle. Upon questioning, the defendant admitted to Cox that he had smoked cannabis earlier that evening. After further questioning and a pat down conducted by another trooper, the defendant stated that he had cannabis on his person. He removed a clear plastic bag containing

3

approximately 16 grams of cannabis from the crotch area of his jeans. The defendant was then placed under arrest.

Cox also testified that she had not directed the vehicles into the parking lot. She could not recall whether five cars at a time were sent into the lot on this night, but that was the usual pattern for these kinds of safety checks. Prior to the roadside safety check, the troopers reviewed the standard procedure for conducting these checks. To the best of Cox's knowledge, that procedure was followed on August 31, 2007.

After closing arguments, the court stated that the petition to rescind did not specifically challenge the roadside safety check. The court found Cox's testimony was credible and rebutted the defendant's testimony that he had not smoked cannabis. The court then requested that the parties submit caselaw regarding the question of the roadside stop. After a subsequent hearing on that legal question, the court granted the petition to rescind the summary suspension because the police did not have reasonable grounds to stop the defendant's vehicle.

On appeal, the State contends that the trial court erred by denying its motion for directed finding. The State argues that the defendant failed to establish a prima facie case for recision by failing to put forward any evidence that the roadside safety check was invalid. The defendant has not filed an appellee brief, but we

4

elect to decide the case under First Capital Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 345 N.E.2d 493 (1976).

A hearing on a petition to rescind a summary suspension is a civil proceeding, at which the defendant bears the burden of establishing a prima facie case for recision. People v. Marsala, 376 Ill. App. 3d 1046, 877 N.E.2d 1167 (2007). A defendant "makes out a prima facie case if he puts on some evidence on every element essential to his cause of action." People v. Tibbetts, 351 Ill. App. 3d 921, 927, 815 N.E.2d 409, 414 (2004). If the defendant establishes a prima facie case, the burden shifts to the State to produce evidence justifying the suspension. Marsala, 376 Ill. App. 3d 1046, 877 N.E.2d 1167. "A defendant's failure to establish a prima facie case warrants a directed finding in favor of the State." Marsala, 376 Ill. App. 3d at 1048, 877 N.E.2d at 1170. We will not disturb a trial court's finding that a prima facie case has been made unless it is against the manifest weight of the evidence. Marsala, 376 Ill. App. 3d 1046, 877 N.E.2d 1167.

In addition to the statutory grounds for rescinding a summary suspension (625 ILCS 5/2--118.1 (West 2006)), a suspension may be rescinded where the stop of the defendant's vehicle was improper. People v. Crocker, 267 Ill. App. 3d 343, 641 N.E.2d 1237 (1994). In this case, the defendant claimed that his summary suspension should be rescinded because he was not driving in such a manner as to justify an investigative stop of his vehicle. As the State

5

argued below and on appeal, however, the defendant was stopped pursuant to a roadside safety check. While a roadblock is considered a seizure, it is not a _per se_ violation of the fourth amendment. _People v. Bartley_, 109 Ill. 2d 273, 486 N.E.2d 880 (1985). In addition, police need not form an individualized suspicion that a driver is violating a law before stopping that driver in a roadblock. _Bartley_, 109 Ill. 2d 273, 486 N.E.2d 880. "[T]he question of whether a roadblock violates the fourth amendment is essentially one of reasonableness." _Bartley_, 109 Ill. 2d at 280, 486 N.E.2d at 883.

The defendant testified that he was not speeding, swerving or breaking any other traffic laws when he encountered the roadblock. He was waved into a parking lot and told to proceed toward a police officer who asked for his license and proof of insurance. The officer told the defendant that she smelled marijuana coming from the vehicle. This evidence does not establish a _prima facie_ case that the roadblock was unreasonable. In fact, this testimony does not establish anything other than the fact that the defendant was stopped at a roadblock. As the Illinois supreme court has found, a roadblock is not _per se_ unreasonable. _Bartley_, 109 Ill. 2d 273, 486 N.E.2d 880. In order to successfully establish a _prima facie_ case for recision, the defendant needed to show some evidence that the roadblock was not reasonable. The defendant did not produce any such evidence here. Thus, we find that the court's decision

6

denying the State's motion for a directed finding was against the manifest weight of the evidence.

The judgment of the Will County circuit court is reversed, and the matter is remanded for further proceedings.

SCHMIDT and WRIGHT, JJ., concurring.