# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Solan*, 2012 IL App (2d) 110944

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN SOLAN, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-11-0944 |
| Filed | June 26, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The handwritten entry of the words "Leaving Scene of an Accident–Damage Only (11-402)" in the blank space on the preprinted form captioned "DUI Criminal Complaint" charging defendant with DUI was a scrivener's error that did not warrant the conclusion that defendant was not "placed under arrest for [DUI] *** as evidenced by the issuances of a Uniform Traffic Ticket" for purposes of his petition seeking the rescission of the summary suspension of his license, especially in view of the second count of the complaint, which set forth the offense of leaving the scene of a property-damage-only accident under section 11-402 of the Vehicle Code, and the arresting officer's sworn report; therefore, the order rescinding the summary suspension was reversed. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 11-DT-1772; the Hon. Liam C. Brennan, Judge, presiding. |
| Judgment | Reversed. |

| Counsel on Appeal | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Edward R. Psenicka, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| | Scott P. Walthius, of Law Office of Scott P. Walthius, of Winfield, for appellee. |
| | |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion. |
| | Presiding Justice Jorgensen and Justice Hutchinson concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, John Solan, petitioned to rescind the summary suspension of his driving privileges. Following a hearing, the trial court granted defendant's petition and rescinded the suspension. The State timely appealed. At issue is whether the trial court properly granted defendant's petition upon finding that defendant was not "placed under arrest for [driving under the influence (DUI)] *** as evidenced by the issuance of a Uniform Traffic Ticket" (625 ILCS 5/2-118.1(b)(1) (West 2010)), where count I of the "DUI Criminal Complaint" erroneously alleged that defendant committed the offense of "Leaving Scene of an Accident–Damage Only (11-402)" but otherwise made numerous references to DUI and cited the DUI statute (625 ILCS 5/11-501(a)(2) (West 2010)). For the reasons that follow, we reverse.

¶ 2                                  I. BACKGROUND

¶ 3 The record reveals that, on May 7, 2011, defendant was charged with three separate offenses. Count I was set forth on a preprinted form entitled "DUI Criminal Complaint" and alleged in part as follows:

"[D]efendant committed the offense of <u>Leaving Scene of an Accident–Damage Only (11-402)</u> in violation of the Illinois Compiled Statutes, in this, to wit, that the said Defendant committed the offense of Driving While Under the Influence of Alcohol in violation of Chapter 625 Section 5/11-501(a)(2) of the Illinois Compiled Statutes in this, to wit: that the Defendant drove or was in actual physical control of a motor vehicle within this State while under the influence of alcohol, and against the peace and dignity of the People of the State of Illinois." (The underlined portion was handwritten by the arresting officer.)

Counts II and III (set forth on a complaint entitled "Misdemeanor Complaint") charged

defendant with leaving the scene of an accident (625 ILCS 5/11-402 (West 2010)) and with operating an uninsured motor vehicle (625 ILCS 5/3-707 (West 2010)).

¶ 4        The officer's sworn report, dated May 7, 2011, provided that defendant was "asked to submit to a chemical test[ ] to determine the alcohol *** content of [his] breath" and "warned of the consequences" and that this took place "[s]ubseqent to an arrest for violating Section 11-501 of the Illinois Vehicle Code." The sworn report further provided that the officer had "reasonable grounds to believe the arrestee was in violation of Section 11-501."

¶ 5        Defendant was served with immediate notice of the summary suspension of his driving privileges for failure to submit to testing. On June 30, 2011, defendant filed a petition to rescind his summary suspension. On that same day, the State was permitted to amend count I of the complaint to replace the language "Leaving Scene of an Accident–Damage Only (11-402)" with "Driving While Under the Influence of Alcohol."

¶ 6        The hearing took place on August 23, 2011. The scope of the hearing was limited to one issue: whether defendant "was placed under arrest for [DUI] *** *as evidenced by the issuance of a Uniform Traffic Ticket*." (Emphasis added.) 625 ILCS 5/2-118.1(b)(1) (West 2010). The sole argument advanced by defendant in support of his claim that he was not arrested for DUI was that he did not "receive[ ] a ticket for DUI." The trial court agreed. The court found that the complaint was "inherently confusing." The court noted that, if the question were whether defendant was placed under arrest for DUI, he "quite possibly could lose." The court further noted the State's argument that "the defendant *** had to know he was arrested for DUI because it said [he] was in the law officer's sworn report." However, the court stated that "the statute doesn't stop with saying he was placed under arrest for DUI." Relying on the well-settled rules of statutory construction, the court found that, because the plain language of section 2-118.1(b)(1) of the Illinois Vehicle Code (625 ILCS 5/2-118.1(b)(1) (West 2010)) included the words "as evidenced by the issuance of a Uniform Traffic Ticket," the legislature must have intended the court to look to the ticket to determine whether defendant had been arrested for purposes of the statute. The court then concluded that, because the officer wrote in "Leaving Scene of an Accident–Damage Only (11-402)" on the complaint, the complaint did not comply with the requirement that defendant's arrest be "evidenced by the issuance of a Uniform Traffic Ticket."

¶ 7        The trial court granted defendant's petition, and the State timely appealed.

¶ 8                                    II. ANALYSIS

¶ 9        The State argues that the court erred in granting defendant's petition, because the complaint adequately indicated that defendant was arrested for DUI. Defendant maintains that, because the complaint was "defective" at the time of arrest (in that it did not give him notice that he was being arrested for DUI), the complaint did not comply with the provisions of the Illinois Vehicle Code and the rescission of defendant's summary suspension was proper. We agree with the State.

¶ 10        Section 11-501.1(a) of the Illinois Vehicle Code (625 ILCS 5/11-501.1(a) (West 2010)) provides, in pertinent part, that "[a]ny person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent

-3-

*** to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol *** in the person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket *** for [DUI]." If a motorist submits to testing that reveals a blood alcohol level in excess of the legal limit, or if he or she refuses to submit to testing, his or her driving privileges will be summarily suspended by the Secretary of State upon the submission of a sworn report of the arresting officer. 625 ILCS 5/11-501.1(d), (e) (West 2010). "The refusal to take a chemical test must be preceded by an arrest for DUI in order for such refusal to be admissible in summary suspension proceedings under section 11-501.1 of the Vehicle Code." *People v. Bahnfleth*, 233 Ill. App. 3d 289, 292 (1992). A motorist whose driving privileges have been summarily suspended may request a judicial hearing at which to seek rescission of the suspension. 625 ILCS 5/2-118.1(a) (West 2010).

¶ 11 A hearing on a petition to rescind a summary suspension is a civil proceeding in which the defendant bears the burden of proof. *People v. Smith*, 172 Ill. 2d 289, 294-95 (1996); *People v. Marsala*, 376 Ill. App. 3d 1046, 1048 (2007). One of the four issues that a defendant may raise for rescission is: "Whether the person was placed under arrest for [DUI] *** as evidenced by the issuance of a Uniform Traffic Ticket." 625 ILCS 5/2-118.1(b)(1) (West 2010). Although we generally employ a bifurcated standard of review in reviewing a trial court's ruling on a petition to rescind the suspension of driving privileges (see *People v. Wear*, 229 Ill. 2d 545, 561-62 (2008)), our review here is *de novo*, as the facts are not in dispute and the sole basis that defendant advanced for rescission of his suspension presents a question of law (see *People v. Sven*, 365 Ill. App. 3d 226, 231 (2006)).

¶ 12 The question presented is whether the inclusion of the words "Leaving Scene of an Accident–Damage Only (11-402)" in the DUI complaint leads to a conclusion that defendant was not "placed under arrest for [DUI] *** as evidenced by the issuance of a Uniform Traffic Ticket" (625 ILCS 5/2-118.1(b)(1) (West 2010)) and thus warrants the rescission of his summary suspension. We find that it does not. Count I of the complaint is a preprinted form that is captioned "DUI Criminal Complaint" in bold at the top center of the page. There are blanks for the officer to fill in his or her name, the defendant's name, and the date and time of the offense. There is also a blank for the officer to fill in the offense. It was in this blank where the officer handwrote "Leaving Scene of an Accident–Damage Only (11-402)." The preprinted portion of the form continues on to state, "that the said Defendant committed the offense of Driving While Under the Influence of Alcohol in violation of Chapter 625 Section 5/11-501(a)(2) of the Illinois Compiled Statutes in this, to wit: that the Defendant drove or was in actual physical control of a motor vehicle within this State while under the influence of alcohol."

¶ 13 When read in the context of the entire count, the handwritten portion concerning the offense of leaving the scene of an accident was clearly a scrivener's error. This finding is corroborated by the fact that count II of the complaint fully sets forth the offense of leaving the scene of a property-damage-only accident under section 11-402.

¶ 14 In addition, the officer's sworn report provided that defendant was "asked to submit to a chemical test[ ] to determine the alcohol *** content of [his] breath" and "warned of the consequences" and that this took place "[s]ubseqent to an arrest for violating Section 11-501 of the Illinois Vehicle Code." The sworn report further provided that the officer had

-4-

"reasonable grounds to believe the arrestee was in violation of Section 11-501." Further, there was no evidence presented at the hearing that defendant was not arrested for DUI.

¶ 15    Given the numerous and express references to the offense of DUI and to the appropriate statute, we disagree with the trial court and find that the DUI complaint was sufficient evidence that defendant was placed under arrest for DUI as evidenced by the "DUI Criminal Complaint."[1]

¶ 16                        III. CONCLUSION
¶ 17    The judgment of the circuit court of Du Page County is reversed.

¶ 18    Reversed.

---

[1]On appeal, defendant does not suggest any distinction between the "DUI Criminal Complaint" and a "Uniform Traffic Ticket." 625 ILCS 5/2-118.1(b)(1) (West 2010).