People v. Bonutti

(text box: 1) NO. 5-01-0795

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellant and Separate-Appellee, )  Effingham County.

)

v. )  No. 01-DT-90

)

BORIS P. BONUTTI, )

   )  Honorable

     Defendant-Appellee and Separate- )  Sherri L. E. Tungate,

     Appellant. )  Judge, presiding.

___________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

We have before us appeals from two orders entered by the circuit court of Effingham County.  The plaintiff, the People of the State of Illinois (the State), appeals an order granting a motion by the defendant, Boris P. Bonutti, to suppress the results of a breath-alcohol test.  The defendant appeals an order denying his request to rescind the statutory summary suspension of his driving privileges.  For the reasons that follow, we affirm both orders.

The facts in this case are as follows.  On April 26, 2001, at approximately 11:04 p.m., the defendant's vehicle was stopped by officer Richard Largen of the Illinois State Police for speeding.  Officer Largen conducted field sobriety tests on the defendant, the driver of the vehicle.  According to Officer Largen, the defendant failed these tests, was arrested, and was cited for driving under the influence of alcohol.  

The defendant was then transported to the Effingham County sheriff's department, where he agreed to take a breath-alcohol test.  Officer Largen observed the defendant for 20 minutes prior to administering the test.  Officer Largen did not observe the defendant regurgitate before taking the test.  The results of the test indicated that the defendant had a blood-alcohol content of 0.174.  The defendant's driving privileges were immediately suspended pursuant to section 11-501.1(c) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501.1(c) (West 2000)).  On May 21, 2001, the Secretary of State confirmed the statutory summary suspension of the defendant's driving privileges.

On July 26, 2001, the defendant filed a "Request for Judicial Hearing" seeking a rescission of the statutory summary suspension of his driving privileges.  The defendant alleged that the breath test taken on April 27, 2001, was unreliable because the administration of the test did not conform to the procedures outlined by section 11-501.2 of the Code (625 ILCS 5/11-501.2 (West 2000)).  Specifically, the defendant alleged that he had not been continuously observed for 20 minutes prior to the testing and, because he had not been continuously observed, the "absence of regurgitation during the observation period was not confirmed prior to obtaining a breath sample."  Essentially, the defendant claimed that he regurgitated within 20 minutes of taking the test.

A hearing was conducted on September 10, 2001, pursuant to the defendant's petition seeking a rescission of the statutory summary suspension.  Officer Largen was called by the defendant to testify.  Officer Largen testified that the defendant was arrested on April 26, 2001, cited for driving under the influence of alcohol, and transported to the Effingham County sheriff's department, where the defendant agreed to submit to a breath test.  Officer Largen was the only person involved with the administration of the breath test.

At 11:50 p.m., Officer Largen read the standard "Warning to Motorists" to the defendant.  At 12:01 a.m., Officer Largen began preparing the breath-test machine.  Officer Largen spent about three minutes entering data into the machine, during which time he kept his "eye on [the defendant]."  The test was administered at approximately 12:05 a.m.

Officer Largen was aware that he was required to continually observe the defendant for at least 20 minutes prior to the defendant taking the test.  Officer Largen understood that this is to ensure that the defendant does not "regurgitate, or belch, or anything like that."  Officer Largen was cognizant that a regurgitation could result in the presence of mouth alcohol and that the presence of mouth alcohol can affect the accuracy of a breath test and, hence, render it untrustworthy.  However, Officer Largen testified that he observed the defendant at all times during the defendant's custody and that, during that time, the defendant did not burp, belch, or regurgitate.  Officer Largen did acknowledge that at some point prior to taking the test, the defendant requested a glass of water, but he stated that this request was denied.

The defendant testified on his own behalf.  The defendant acknowledged that he was arrested for driving under the influence of alcohol and taken to the Effingham County sheriff's department, where he agreed to take a breath test.  However, the defendant claims that he regurgitated during the 20 minutes before he took the test.

The defendant testified that he suffers from esophageal reflux disorder.  He testified that one of the effects of his condition is that acid from his stomach rises through his esophagus and enters the back of his throat.  When this occurs, he experiences pain that he described as similar to "a heart attack."  The defendant testified that during the 20 minutes before he took the test, he experienced this pain.  The defendant did not tell anybody at the department that he had regurgitated prior to taking the test, but he claimed that he did ask for a glass of water in order to relieve the burning sensation.  The defendant stated that he did not tell anybody at the department that he had this condition, because nobody asked.  The defendant testified that he takes Prilosec to help control the symptoms he experiences from esophageal reflux.

After the defendant presented his evidence, the State made a motion for a judgment.  The State argued that the testimony of Officer Largen provided sufficient evidence that the defendant had been observed for more than 20 minutes prior to taking the test and that Officer Largen had observed no conduct that would put in question the reliability of the breath-test results.  The State also asked the trial court to find that the defendant was not credible.  

The trial court denied the State's motion and stated, "[A]t this point there has been testimony presented for the Court to consider eventually what weight to put to that, but there has been at least enough testimony to shift the burden to the State."

The State then called Officer Largen back to the stand.  Officer Largen testified that the only comment made by the defendant regarding pain was that his shoulder hurt when the handcuffs were put on.  Officer Largen testified that the defendant made no other comments regarding discomfort within 20 minutes prior to taking the test and that the defendant did not exhibit any outward manifestations of pain.  Officer Largen stated that the defendant did not state why he wanted a glass of water and that the defendant engaged in no unusual swallowing.

After hearing the State's evidence, the trial court denied the defendant's petition to rescind the statutory summary suspension.  The trial court found that Officer Largen had observed the defendant for more than the required 20 minutes prior to the testing, that there had been no medical testimony regarding the effect of the defendant's condition, and that there had been no evidence regarding Prilosec.  The court stated that although the defendant described the pain as similar to a heart attack, such a pain would be very uncomfortable: "something that [a person] would bring to the attention of someone who is about to ask you to take a breath test."  The trial court noted that the "burden had shifted to the State" yet then found that there had been no regurgitation and that "defendant had not met his burden of proof."

On September 14, 2001, the defendant filed a "Supplemental Motion to Exclude Breath Test Evidence" seeking to exclude the breath-test results from his criminal trial.  The defendant again claimed that the breath test must be suppressed because he had regurgitated during the observation period.  On September 17, 2001, the State filed a two-count information charging the defendant with driving while under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 2000)) and driving with an alcohol concentration of 0.08 or more (625 ILCS 5/11-501(a)(1) (West 2000)).  

On September 18, 2001, a hearing was held on the defendant's supplemental motion to exclude breath-test evidence from the criminal proceeding.  The parties agreed that the evidence presented at the September 10, 2001, hearing could and should be considered by the trial court.  The defendant then presented Dr. Karl Rudert, a physician, to testify on behalf of the defendant.

Dr. Rudert testified that the defendant has suffered from gastroesophageal reflux disease (GERD) since 1992 and that the defendant is being treated for this condition.  He stated that GERD is caused by a lack of competency in the lower esophageal sphincter.  The lower esophageal sphincter normally prevents gastric acids in the stomach from rising into the esophagus.  Dr. Rudert testified that the defendant has an incompetent sphincter that "basically doesn't function even while on medications."  Dr. Rudert stated that GERD can cause a person to experience a sensation of fluid coming up behind his heart and that this will cause chest discomfort and a burning in the back of a person's throat.  Dr. Rudert testified that the medication prescribed for the defendant helps to neutralize acid in the defendant's stomach so that when the acid does rise, instead of the defendant experiencing a burning sensation, he will simply experience a feeling of fluid rising to the back of his throat.  

Dr. Rudert testified that certain liquids like alcohol, beer, wine, coffee, and drinks with carbonation can make the symptoms of GERD worse because they dilate the stomach and therefore dilate the lower esophageal sphincter.  Dr. Rudert stated that one method to try to control the effects of an incompetent sphincter is to swallow.  Dr. Rudert testified that reflux is silent and that reflux and regurgitation are synonymous.

The defendant also testified at the hearing.  He again stated that he had experienced reflux prior to taking the test and that he did not exhibit any outward manifestations of pain but that he did ask for a glass of water.

After hearing the evidence, the trial court granted the defendant's motion to exclude the breath-test evidence.  In its findings, the trial court recalled that at the September 10, 2001, hearing, it had made a comment regarding the lack of expert or medical testimony pertaining to the defendant's alleged condition.  However, the court noted that at the September 18 hearing medical evidence had been provided that supported the defendant's claim that his condition allowed for "fluid [to] come back up through the esophagus and back to the back part of the throat."  The court noted that the defendant asked for a glass of water but that no question was asked regarding whether the defendant had regurgitated.  The court pointed out that if in fact the officer had asked the defendant if he had regurgitated and if the defendant had answered in the negative, the court would then be suspicious of the defendant's claim that he had actually regurgitated.  The trial court found that on the basis of the testimony presented at the second hearing, the defendant had met his burden of proof of presenting sufficient evidence that the test results might be unreliable, and the court therefore granted the defendant's motion to exclude the results of the breath test from his criminal proceedings.

The State filed a certificate of impairment and now appeals the trial court's order of September 18, 2001.  The defendant appeals the trial court's order of September 10, 2001.  We turn first to the State's appeal.

The only issue raised by the State on appeal is whether the "trial court erred as a matter of law in granting defendant's motion to exclude the results of his breathalyzer test."  The State contends that the trial court erred as a matter of law in its interpretation of the Illinois Administrative Code.  The State argues that the regulation should have been construed to mean that if an officer observes the subject for the required 20-minute period prior to testing and the officer does not observe any outward manifestations indicating that the subject has vomited or regurgitated, then the breath test must be presumed reliable.  We disagree.

Section 11-501.2 of the Code provides in relevant part:

"(a) Upon the trial of any civil or criminal action or proceeding arising out of an arrest for an offense as defined in Section 11-501 ***, evidence of the concentration of alcohol *** in a person's *** breath at the time alleged, as determined by analysis of the person's *** breath ***, shall be admissible.  Where such test is made[,] the following provisions shall apply:

1.  Chemical analyses of the person's *** breath *** to be considered valid under the provisions of this Section shall have been performed according to standards promulgated by the Department of State Police by a licensed physician, registered nurse, [or] trained phlebotomist acting under the direction of a licensed physician, certified paramedic, or other individual possessing a valid permit issued by that Department for this purpose.  The Director of State Police is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, to issue permits which shall be subject to termination or revocation at the discretion of that Department[,] and to certify the accuracy of breath testing equipment.  The Department of State Police shall prescribe regulations as necessary to implement this Section."  625 ILCS 5/11-501.2 (West 2000).

Section 1286.310 of the Illinois Administrative Code provides:

"The following procedures shall be used to obtain a breath sample to determine a subject's [breath-alcohol concentration] with an approved evidentiary instrument:  

a) Prior to obtaining a breath analysis reading from a subject, the [breath analysis operator] or another agency employee shall continuously observe the subject for at least 20 minutes.  

1) During the 20[-]minute observation period the subject shall be deprived of alcohol and foreign substances and shall not have regurgitated or vomited.  

2) If the subject regurgitates or vomits during the observation (deprivation) period, the process shall be started over by having the individual rinse the oral cavity with water.  

3) If the individual continues to regurgitate or vomit, alternate testing shall be considered."  20 Ill. Adm. Code §1286.310 (2001).

Before we turn to the substance of the State's argument, we must first address a claim made by the State in its brief, in support of its claim that this issue should be resolved as a matter of law, that the trial court "made no determination as to the defendant's credibility[] and made no finding that the defendant had in fact regurgitated prior to his breath test."  We point out that the trial court clearly engaged in a fact-finding and credibility determination and that its ultimate decision hinged on its finding that the defendant was credible when he stated that he had regurgitated.

The evidence presented at the September 18, 2001, hearing pertained solely to the issue of whether or not the defendant had in fact regurgitated prior to taking the breath test.  Had the trial court not made this credibility finding in the defendant's favor, nothing remains as a basis upon which the trial court could have excluded the results of the breath test.  Observation was not an issue at the September 18, 2001, hearing, because no evidence was presented during the hearing pertaining to observation, for that issue was resolved at the September 10, 2001, hearing when the trial court found, "[T]here has been nothing about the defense indicating, at least during the hour period of time from the arrest[,] that, in fact, Officer Largen did not observe [the defendant]."  No claims other than the defendant's alleged regurgitation were made by the defendant that in any way challenged the reliability of the breath-test results.  Accordingly, although the trial court may not have specifically stated in its order, "I find that the defendant is credible and that the defendant regurgitated," these findings are implicit in the trial court's decision.  Clearly, the trial court's determination of the defendant's credibility, and specifically its finding that the defendant had regurgitated, was the pivotal point upon which its decision turned.

Keeping this in mind, we now return to the State's argument that the trial court erred as a matter of law in granting the defendant's motion to suppress.  Essentially, the State argues that, according to the regulation, if Officer Largen observed the defendant for 20 minutes prior to the defendant taking the breath test and if Officer Largen did not observe the defendant regurgitate, it does not matter whether or not the defendant in fact actually regurgitated prior to taking the test.  In other words, it appears the State is challenging the trial court's decision to find regurgitation, as opposed to simply concentrating on Officer Largen's observation.  The State also attacks the trial court's statement that the officer should have questioned the defendant regarding whether the defendant regurgitated, stating that had the authors of the regulation intended this, "the 20[-]minute period would likely have been referred to as the 20[-]minute interrogation period."  In sum, the State argues that the trial court's construction of the regulation is absurd in that it renders an officer's observations worthless.  We find the State's argument unpersuasive.

Administrative rules and regulations have the force and effect of law and must be construed under the same standards that govern the construction of statutes.  
Northern Illinois Automobile Wreckers & Rebuilders Ass'n v. Dixon
, 75 Ill. 2d 53, 58 (1979).  Therefore, the primary objective of interpreting a regulation is to ascertain and give effect to the intent of the drafters.  
Metro Utility Co. v. Illinois Commerce Comm'n
, 262 Ill. App. 3d 266, 274 (1994).  The best indication of what the drafters intended is the statutory language itself.  
City of Chicago v. Illinois Commerce Comm'n
, 294 Ill. App. 3d 129, 135 (1997).  Clear and unambiguous terms are to be given their plain and ordinary meaning (
West Suburban Bank v. Attorneys' Title Insurance Fund, Inc.
, 326 Ill. App. 3d 502, 507 (2001)), and where statutory provisions are clear and unambiguous, the plain language as written must be given effect, without reading into it exceptions, limitations, or conditions that the legislature did not express.  
Davis v. Toshiba Machine Co.
, 186 Ill. 2d 181, 184-85 (1999).

In the instant case, the regulation states, "During the 20[-]minute observation period the subject shall be deprived of alcohol and foreign substances and 
shall not have regurgitated or vomited
."  (Emphasis added.)  20 Ill. Adm. Code §1286.310(a)(1) (2001).  There is nothing in this regulation that provides that an "officer must have observed" the subject regurgitate or vomit.  Contrary to the State's argument, the provision clearly states that the subject shall not have regurgitated or vomited and this does not depend on whether the tester observed the subject regurgitate or vomit.  

The above regulation was established to ensure the accuracy of a breath test so that an accused is not being subjected to inaccurate testing procedures by law enforcement officers.  
People v. Haney
, 155 Ill. App. 3d 44, 46 (1987).  To accept the State's rendering of the regulations would require us to ignore the essential purpose of the regulation, that is, to obtain an accurate test result.  Furthermore, it would require us to read into the regulation a provision that clearly does not exist.  To effectuate the State's interpretation of the regulation, we would have to read into the regulation the following italicized provision, "During the 20[-]minute observation period the subject shall be deprived of alcohol and foreign substances and 
the observer 
shall not have 
observed the subject 
regurgitate[] or vomit[]."  Such an interpretation is preposterous and contrary to the clear language of the provision.  Suffice it to say, we find no error with the trial court's interpretation and application of the regulation, and we hold that the trial court did not err in granting the defendant's motion to exclude the breath-test result.

We now turn to the defendant's appeal.  In his appeal, the defendant raises one argument: whether the trial court's decision to deny the defendant's petition for the rescission of the statutory summary suspension was manifestly erroneous.  The defendant contends that after he established a 
prima facie 
case that challenged the reliability of the test results and, hence, shifted the burden to the State to show that the test results were reliable, the trial court's decision that the State satisfied its burden is manifestly erroneous.  The defendant argues that the State failed to present any evidence to show that the breath-test results were reliable and that, therefore, the State failed to rebut the defendant's 
prima facie
 case.  The defendant contends that his request to rescind the summary suspension should have been granted.  We reject the defendant's claim.

When a defendant seeks the rescission of a statutory summary suspension of a driver's license, the burden is first on the defendant to make a 
prima facie
 showing that the breath-test results were unreliable.  
People v. Orth
, 124 Ill. 2d 326, 337 (1988).  
Prima facie 
evidence has been characterized as being equivalent to the quantum of evidence required to meet the preponderance-of-the-evidence standard.  
People v. Barwig
, 334 Ill. App. 3d 738, 744 (2002).  The mere showing of noncompliance with the Department of Public Health standards establishes a 
prima facie
 case of invalidity.  
People v. Bergman
, 253 Ill. App. 3d 369, 376 (1993).  Whether the defendant has met this burden of proof is a question of fact for the trial court to determine.  
Barwig
, 334 Ill. App. 3d at 744.  After the defendant establishes a 
prima facie
 case, the burden then shifts to the State to show that the test results were reliable.  
People v. Miller
, 219 Ill. App. 3d 246, 248 (1991).

In the instant case, after the trial court heard the evidence presented by the defendant, it found that the defendant had met his burden of establishing a 
prima facie
 case.  The court stated, "I feel at this point there has been testimony presented for the Court to consider eventually what weight to put to that, but there has been at least enough testimony to shift the burden to the State."  In other words, based on the evidence before the trial court, at that point in the proceeding the trial court believed that sufficient evidence had been presented to demonstrate that the defendant had regurgitated prior to taking the test and that, therefore, the test results were unreliable.  During the State's presentation of evidence, Officer Largen testified that the defendant did not exhibit any outward manifestations of pain or complain of any pain prior to taking the test.  This evidence, based on the trial court's ultimate findings, led the trial court to reject the defendant's claims that he was experiencing reflux and that he had regurgitated during the 20 minutes before he took the breath test.  We believe that this evidence was sufficient for the State to satisfy its burden and that the trial court's ultimate finding was therefore not manifestly erroneous.  

The trial court stated in its finding its belief that if the defendant had actually experienced the reflux and the symptoms that the defendant described as feeling like a heart attack, the defendant would have brought it to the attention of the test-giver.  Based on Officer Largen's testimony, the trial court questioned the credibility of the defendant's previous testimony, and therefore, the evidence presented by the State sufficiently rebutted the defendant's claim that he had regurgitated prior to taking the breath test.  Credibility is a decision that lies in the exclusive province of the trial court because the trial court is in the best position to observe the demeanor of the witnesses while testifying.  
In re C.L.T.
, 302 Ill. App. 3d 770, 772 (1999).  The decision in this case turned on the trial court's resolution of the credibility of the witnesses.  There is nothing in the record to indicate that at this proceeding the trial court abused its discretion in finding that the defendant was not credible when the defendant claimed he regurgitated.  Accordingly, based on the record before us, we cannot say that the trial court's decision to deny the defendant's petition to rescind the statutory summary suspension was manifestly erroneous.

For the foregoing reasons, the orders entered by the trial court are hereby affirmed.

Affirmed.

HOPKINS, P.J., and GOLDENHERSH, J., concur.

                                      NO. 5-01-0795

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellant and Separate-Appellee, )  Effingham County.

)

v. )  No. 01-DT-90

)

BORIS P. BONUTTI, )

   )  Honorable

     Defendant-Appellee and Separate- )  Sherri L. E. Tungate,

     Appellant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: April 4, 2003

___________________________________________________________________________________

Justices
: Honorable Thomas M. Welch, J.

Honorable Terrence J. Hopkins, P.J., and 

Honorable Richard P. Goldenhersh, J.,

Concur

___________________________________________________________________________________

Attorneys
 Hon. Ed Deters, State's Attorney, Effingham County, Thomas O. Finks, Assistant

for 
State's Attorney, Effingham County, 101 North 4th, Suite 400, Effingham, IL 62401;

Appellant
 Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Kendra S. Peterson,

Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Route 15 East,

P.O. Box 2249, Mt. Vernon, IL 62864

___________________________________________________________________________________

Attorney
 Lou J. Viverito, Taylor Law Offices, P.C., 122 East Washington Avenue, P.O. 

for
 Box 668, Effingham, IL 62401

Appellee
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 04/04/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.