No. 2--06--1279      Filed:  3-12-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--DT--5045 |
| IEVA ALELIUNAITE, | ) ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE GROMETER delivered the opinion of the court:

Defendant, Ieva Aleliunaite, appeals from the denial of her petition to rescind the summary suspension of her driving privileges (see 625 ILCS 5/11--501.1 (West 2006)).  She argues that the State failed to rebut her prima facie case, because it did not move for admission of her Breathalyzer results.  We reverse.

BACKGROUND

Defendant's driving privileges were summarily suspended on the basis that, after being arrested on October 29, 2006, by a Village of Darien police officer for driving under the influence of alcohol (DUI), she submitted to testing at the Village of Willowbrook police department that revealed a blood-alcohol concentration of 0.118.  625 ILCS 5/11--501(a)(1), (a)(2) (West 2006).

On November 7, 2006, defendant petitioned for a rescission of the summary suspension.  She also filed a motion for discovery seeking, inter alia, "[c]opies of any Alcohol Influence Reports,

Breathalyzer tickets, sworn reports, log book entries including pre and post certifications and warnings to motorist." On November 29, 2006, defendant subpoenaed Chief Konstanty of the Willowbrook police department to appear at a hearing on December 12, 2006, and produce "[t]he logbook containing Defendant[']s breath test results, date of arrest 10/29/06 at appx. 1:24 a.m."

The parties appeared for a hearing on December 12, 2006. Although the State produced the pages of the logbook containing defendant's breath test results, the pages produced did not contain the Breathalyzer machine's postcertification results. Defense counsel asked for sanctions based on the State's failure to produce the entire logbook. Defense counsel argued that, "since it's [his] burden to have to show whether the [Breathalyzer] machine was in good working order or not, or whether there were malfunctions or not, the only way that [he] could certainly do that is to inspect and examine the log book." He stated that "[t]he log book would have all of the pages and all of the entries, and these pages are not an appropriate substitution because they are not complete."

The State argued that the subpoena was vague and stated: "Now that [defense counsel] has elaborated on what he actually wants, it's our position that we should be allowed a date, a short date to actually get the pages that indicate the subsequent certification of that machine." The trial court asked defense counsel: "Are you prepared to proceed to hearing today or would you seek the Court to enforce the subpoena that you served for the original law [sic] book and expanding to the information that you are now saying you require, or request?" Defense counsel stated that he was not going to ask for a continuance. He stated that he was ready to go to a hearing but that he wanted "the subpoena to be enforced in a manner in which it protects [his] client's rights and sustains the right of the defendant to obtain this information at the time of a hearing." The trial court passed the matter for hearing.

-2-

When the parties reconvened, defense counsel argued that, because the State did not produce the entire logbook, specifically the pages showing the postcertification of the Breathalyzer machine, defendant was entitled to an "evidentiary presumption" that, had the State produced the logbook, the contents would have been favorable to defendant. Defense counsel rested on the claimed presumption and the pleadings. The trial court agreed with defendant and found that, based upon the State's failure to provide defendant with copies of the relevant pages of the logbook, defendant met her burden of establishing a prima facie case for rescission. The court continued the hearing to the afternoon.

When the hearing resumed, the State informed the judge that it had provided defense counsel with copies of the logbook entries from September 26, 2006, to the current date. Defense counsel did not stipulate to the admission of the logbook into evidence. Thereafter, the State presented the testimony of Officer Skweres of the Darien police department. Skweres testified that he was a trained Breathalyzer operator and that he performed the Breathalyzer test on defendant at the Willowbrook police department. He made the logbook entry for defendant on October 29, 2006. According to Skweres, Tim Miller, with the Illinois State Police, certifies the Breathalyzer machine on a regular basis. The logbook contained entries dated September 26, 2006, and November 29, 2006, which certified the accuracy of the Breathalyzer machine. The entries contained Miller's signature. Defense counsel objected to the testimony as hearsay and lacking foundation.

At the conclusion of the testimony, the trial court found that the State sufficiently rebutted defendant's prima facie case, and it denied the petition for rescission. Defendant timely appealed.

ANALYSIS

Defendant contends that the trial court erred in denying her petition to rescind her summary suspension. According to defendant, the State failed to rebut her prima facie case for rescission, because it did not move to have the logbook admitted into evidence. In response, the State first contends that the appeal is moot because defendant has already served her summary suspension. In the alternative, the State argues that the trial court erred in ruling that defendant made a prima facie case and, thus, the burden of proof never shifted to the State to rebut the case. In reply, defendant argues that the State's challenge to the court's ruling that defendant made a prima facie case is waived because the State did not object to the court's ruling or file a motion for a directed finding.

Section 11--501.1(a) of the Illinois Vehicle Code (625 ILCS 5/11--501.1(a) (West 2006)) provides, in pertinent part, that "[a]ny person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol *** in the person's blood if arrested *** for [DUI]." If a motorist submits to testing that reveals a blood-alcohol level in excess of the legal limit, or if he or she refuses to submit to testing, his or her driving privileges will be summarily suspended by the Secretary of State upon the submission of a sworn report of the arresting officer. 625 ILCS 5/11--501.1(d), (e) (West 2006). A motorist whose driving privileges have been summarily suspended may request a judicial hearing at which to seek rescission of the suspension. 625 ILCS 5/2--118.1 (West 2006).

A hearing on a petition to rescind a summary suspension is a civil proceeding in which the defendant bears the burden of proof. People v. Smith, 172 Ill. 2d 289, 294-95 (1996); People v. Wiley, 333 Ill. App. 3d 861, 863 (2002). The defendant may raise four issues for rescission: (1) whether the defendant was placed under arrest for an offense under section 11--501 (625 ILCS

5/11--501 (West 2006)); (2) whether the officer had reasonable grounds to believe that the defendant was driving or in actual physical control of a motor vehicle while under the influence of alcohol, another drug, or both; (3) whether the defendant received the statutory motorist's warning and refused to complete the test or tests; and (4) whether the test or tests disclosed an alcohol concentration of 0.08 or more. 625 ILCS 5/2--118.1(b)(1) through (b)(4) (West 2006). When the results of a Breathalyzer test are challenged, the defendant must make a prima facie case that the test results are not reliable. People v. Graney, 234 Ill. App. 3d 497, 503 (1992). A defendant's failure to establish a prima facie case warrants a directed finding in favor of the State. People v. Hawkins, 221 Ill. App. 3d 460, 464 (1991). If a defendant establishes a prima facie case, then the burden shifts to the State to rebut the prima facie case. Graney, 234 Ill. App. 3d at 503.

As an initial matter, we decline the State's invitation to find the case moot. The State maintains that the case is moot because defendant has completed her summary suspension. However, because this issue is likely to recur and evade review due to the short duration of the action, we may consider the issue. See People v. Anderson, 167 Ill. App. 3d 308, 310 (1988) (applying exception to mootness doctrine to consider whether a judicial driving permit could be issued to a motorist whose driving privileges were summarily suspended).

Next, we find that the State waived any challenge to the trial court's ruling that the State's failure to produce the logbook pages containing postcertification information was sufficient to establish a prima facie case for rescission. After defense counsel chose to rest on the pleadings and his claimed presumption, the State did not move for a directed finding. Although it generally argued that defendant's claim of a presumption did "not apply in this particular case," it did not challenge the trial court's ruling. To the contrary, the State told the trial court that it "would be prepared to

offer testimony" on the issue of the subsequent certification. Even if the State had expressly moved for a directed finding, the State's decision to put on evidence following the denial of the motion would have resulted in waiver of any challenge to the ruling. See Heastie v. Roberts, 226 Ill. 2d 515, 544 (2007) ("In civil as in criminal cases, a defendant who elects to present evidence after his or her motion for directed verdict has been denied is deemed to have waived any right to a directed verdict"). Accordingly, we conclude that the State waived any challenge to the trial court's ruling that defendant established a prima facie case for rescission.

It appears to us that the State could have avoided the problems it now faces if it had simply asked the trial court to reconsider its ruling that defendant had made out a prima facie case for rescission. During the morning of December 12, 2006, defendant brought to the trial court's attention the State's failure to comply with certain discovery requests regarding the logbook pages containing postcertification information. As a result of this failure, the trial court ruled that an inference adverse to the State was warranted regarding the contents of the logbook. Based on this inference, the trial court concluded that defendant made a prima facie case. That afternoon, prior to an evidentiary hearing whose purpose was to allow the State to rebut defendant's prima facie case, the State tendered the requested documents to defendant. By this time, no further proceedings had occurred, and defendant had not relied on the earlier ruling in any way. Under such circumstances the State could have requested the trial court to reconsider its ruling, as defendant now had the information she requested and could have addressed it on the merits.

This brings us to the merits of defendant's appeal. Relying on People v. Orth, 124 Ill. 2d 326 (1988), and Graney, defendant contends that, by failing to have the logbook admitted into evidence, the State did not rebut her prima facie case. Although we generally reverse a trial court's ruling on

a petition to rescind a defendant's summary suspension only if that finding is against the manifest weight of the evidence (People v. Feddor, 355 Ill. App. 3d 325, 330 (2005)), our review here is de novo, as the facts are not in dispute and whether the State's failure to move to admit the logbook into evidence warrants reversal of the trial court's ruling is a question of law that depends on neither the credibility of the witnesses nor the weight of the evidence (see People v. Sven, 365 Ill. App. 3d 226, 231 (2006)).

In Orth, the supreme court held:

"[O]nce the motorist has made a prima facie case that the breath test result did not disclose a blood-alcohol concentration of 0.10 [now 0.08] or more, or that the test result did not accurately reflect his blood-alcohol concentration, the State can only avoid rescission by moving for the admission of the test into evidence and laying the required foundation. Such a foundation will include: (1) evidence that the tests were performed according to the uniform standard adopted by the Illinois Department of Public Health, (2) evidence that the operator administering the tests was certified by the Department of Public Health, (3) evidence that the machine used was a model approved by the Department of Health, was tested regularly for accuracy, and was working properly, (4) evidence that the motorist was observed for the requisite 20 minutes prior to the test and, during this period, the motorist did not smoke, regurgitate, or drink, and (5) evidence that the results appearing on the 'printout' sheet can be identified as the tests given to the motorist." (Emphasis added.) Orth, 124 Ill. 2d at 340.

In Graney, the defendant was charged with DUI and his driver's license was summarily suspended. The defendant petitioned to rescind the summary suspension, asserting that, inter alia,

the results of the Breathalyzer test did not indicate a blood-alcohol level of 0.10 or more. In support of his petition, the defendant presented his own testimony, and that of his wife and two colleagues, regarding his condition on the evening of his arrest. At the close of the defendant's case, the trial court denied the State's motion for a directed finding and concluded that "the evidence tended to show that defendant 'was not impaired from alcohol.' " Graney, 234 Ill. App. 3d at 500. Thereafter, the State presented the testimony of the arresting officer, who opined that the defendant was intoxicated at the time of the arrest. After the officer testified, the State again moved for a directed finding. The trial court denied the motion and determined that the State was required to present evidence of the reliability of the Breathalyzer results. Graney, 234 Ill. App. 3d at 501.

During the testimony of the Breathalyzer operator, the defendant objected to the operator's reading from the decal that certified that the machine had been tested. Graney, 234 Ill. App. 3d at 501. The court sustained the objection because the State had not had the decal admitted into evidence. When the State moved to admit the decal, the logbook, and a printout into evidence, the defendant objected based on the State's failure to lay a proper foundation for the exhibits. The court found that, with a proper foundation, the exhibits could be admitted as business records. However, the court concluded that the State failed to lay a proper foundation. It ruled:

"[T]he State failed to present a sufficient foundation for the decal because it did not show what was done, it only reflected that someone signed it, and the breathalyzer operator did not have personal knowledge of what was shown on the decal. The court further found that there was not an adequate foundation to admit the logbook as a business record because the operator did not know the general procedure or practice for the recording and storage of information contained in the logbook. In addition, the court noted that the operator could not

testify as to who had access to the logbook and the exact conditions under which the entries were made. Finally, the court found that because the operator did not consult with the machine's operating manual and was not familiar with the order of the steps to administer the test, the State failed to prove that defendant's breath test was performed according to the procedure approved by the Department [of Public Health]." Graney, 234 Ill. App. 3d at 502. Thereafter, the court rescinded the defendant's suspension in light of the State's "fail[ure] to show that the breath test was accurate and was administered in compliance with the standards of the Department [of Public Health]." Graney, 234 Ill. App. 3d at 502.

On appeal, the State argued that it did not have the burden of proving the reliability and admissibility of the Breathalyzer results. Graney, 234 Ill. App. 3d at 503. This court disagreed. We held that, "[s]ince the trial court found that defendant established a prima facie case for rescission, the burden shifted to the State to come forward with evidence of the reliability of the breath test result." Graney, 234 Ill. App. 3d at 505. Because the State failed to provide a sufficient foundation for the admissibility of such evidence, we "affirm[ed] the rescission based on the inaccuracy of those results." Graney, 234 Ill. App. 3d at 507.

Here, defendant's challenge to the accuracy of the Breathalyzer results was premised on the absence of any evidence showing postcertification of the Breathalyzer machine. Because the trial court determined that defendant had made a prima facie case for rescission, the burden shifted to the State to rebut that case. In an effort to do so, the State presented the testimony of Officer Skweres, who testified that he administered the Breathalyzer test to defendant on October 29, 2006, and entered the results into the logbook. He also testified over objection that the logbook contained entries indicating that the machine was certified accurate on September 26 and November 29, 2006.

However, the State made no attempt to introduce the logbook into evidence. Thus, as the operator in Graney was unable to read the certification on the decal, Skweres here was unable to relate the certification from the logbook. Accordingly, the State did not rebut defendant's prima facie case, and the trial court should have granted defendant's petition.

CONCLUSION

For the reasons stated, the judgment of the circuit court of Du Page County is reversed.

Reversed.

O'MALLEY and CALLUM, JJ., concur.