# Illinois Official Reports

## Appellate Court

---

### *People v. Cielak*, 2016 IL App (2d) 150944

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KURT CIELAK, Defendant-Appellant. |
| | |
| District & No. | Second District<br>Docket No. 2-15-0944 |
| | |
| Filed | December 7, 2016 |
| | |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 15-DT-522; the Hon. Robert J. Morrow, Judge, presiding. |
| | |
| Judgment | Affirmed. |
| | |
| Counsel on Appeal | Randy K. Johnson, of Law Office of Randy K. Johnson, of West Dundee, and J. Brick Van Der Snick, of Van Der Snick Law Firm, of St. Charles, for appellant.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Kathryn E. Kohls, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br>Presiding Justice Schostok and Justice McLaren concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Kurt Cielak, was ticketed for driving while under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1), (a)(2) (West 2014)) and transported to the East Dundee police department. While there, he was given the statutory warning to motorists and was asked to complete a Breathalyzer test 19 minutes later. Defendant complied, and the results of the test revealed that his breath-alcohol concentration was over the legal limit. Because of that, defendant's driving privileges were summarily suspended. Defendant petitioned to rescind that suspension, arguing, among other things, that the Breathalyzer test was administered before the arresting officer observed him for 20 minutes (see 20 Ill. Adm. Code 1286.310(a)(1) (2004)). The trial court denied the petition, defendant moved to reconsider, the court denied that motion, and this timely appeal followed. On appeal, defendant argues that (1) the State failed to substantially comply with the 20-minute continuous observation requirement and (2) he was denied due process when the State failed to disclose to him before the hearing that the arresting officer's testimony that he began the 20-minute observation period before he read the warning to defendant was inconsistent with his police report. For the reasons that follow, we affirm.

¶ 2 At the hearing on the petition to rescind, Officer John Haase testified that, on June 7, 2015, at around 12:30 a.m., he arrested defendant for DUI and then took him to the police department. At around 12:43 a.m., he read the warning to defendant, which took about two or three minutes. Prior to reading the warning, Officer Haase began observing defendant for the mandated 20 minutes. Although Officer Haase's police report was not admitted at the hearing, Officer Haase testified that, in the last paragraph of his report, he indicated that " '[a]fter the matter of a 20[-]minute observation period, at 1:02 [he] administered the test.' "

¶ 3 Officer Haase's testimony on cross-examination was somewhat conflicting. For example, after Officer Haase confirmed that he began the 20-minute observation period before he read the warning to defendant, he stated that he "probably" started the 20-minute observation period within 15 minutes of bringing defendant to the police department. He testified that he began observing defendant 10 minutes before the warning and that he observed defendant for a total of 29 minutes at the station before giving defendant the Breathalyzer test. During the observation period, defendant did not "vomit, throw-up or cough or anything like that."

¶ 4 The State moved for a directed finding. The trial court granted that motion, noting that it was unaware of any requirement that prohibited the officer from starting the 20-minute observation period before reading the warning to defendant. It also found that Officer Haase was observing defendant while he was filling out paperwork before he read the warning.

¶ 5 Thereafter, defendant filed a motion to reconsider, attaching to his motion a "DUI Checklist" given to police officers. On this form, reading the warning is listed as number 9, and the 20-minute observation period is listed as number 10. The trial court denied the motion to reconsider, finding that the officer complied with the 20-minute observation period. Specifically, the court relied on Officer Haase's testimony that he observed defendant both before and after he read the warning to motorists. The court again observed that it was not aware of any law that provided that the 20-minute observation period commences only after the warning is read to the defendant.

¶ 6 At issue is whether the petition to rescind the summary suspension of defendant's driving privileges should have been granted. A hearing on a petition to rescind a summary suspension

of driving privileges is a civil proceeding. *People v. Pollitt*, 2011 IL App (2d) 091247, ¶ 13. On appeal, we apply the same bifurcated standard of review that applies to motions to suppress. See *People v. Wear*, 229 Ill. 2d 545, 560-62 (2008). That is, we defer to the trial court's factual findings unless they are against the manifest weight of the evidence, and we review *de novo* the trial court's determination of whether the petition to rescind should be granted. *Id.* at 561-62.

¶ 7 Because the trial court granted a directed finding, defendant asserts that the trial court erred in finding that he did not present a *prima facie* case for rescission. When a defendant challenges the results of a Breathalyzer test, as in this case, he must make a *prima facie* case that the test results are unreliable. *People v. Aleliunaite*, 379 Ill. App. 3d 975, 978 (2008). *Prima facie* evidence is equivalent to the amount of evidence required under the preponderance-of-the-evidence standard. *People v. Bonutti*, 338 Ill. App. 3d 333, 342 (2003). To attack breath-test results, the defendant must show that (1) the breath test was not properly administered, (2) the results were not accurate and trustworthy, or (3) the regulations regarding such testing were violated. *People v. Barwig*, 334 Ill. App. 3d 738, 744 (2002). If the defendant meets this burden, the burden then shifts to the State to present evidence justifying the suspension. *Pollitt*, 2011 IL App (2d) 091247, ¶ 13. If the defendant fails to establish a *prima facie* case, the State is entitled to a directed finding in its favor. *Aleliunaite*, 379 Ill. App. 3d at 978. We review under the manifest-weight-of-the-evidence standard whether a defendant has presented a *prima facie* case for rescission. *People v. Paige*, 385 Ill. App. 3d 486, 489 (2008). For a decision to be against the manifest weight of the evidence, the opposite conclusion must be clearly evident. *Barwig*, 334 Ill. App. 3d at 743.

¶ 8 The first issue defendant raises is whether the regulations concerning Breathalyzer testing were violated. Specifically, defendant contends that the officer did not substantially comply with the 20-minute observation period as required by section 1286.310 of the Illinois Administrative Code (20 Ill. Adm. Code 1286.310 (2004)). Section 1286.310 provides:

> "The following procedures shall be used to obtain a breath sample to determine a subject's [breath-alcohol concentration] with an approved evidentiary instrument:
>
> a) Prior to obtaining a breath analysis reading from a subject, the [breath-analysis operator] or another agency employee shall continuously observe the subject for at least 20 minutes.
>
> 1) During the 20[-]minute observation period the subject shall be deprived of alcohol and foreign substances and shall not have regurgitated or vomited.
>
> 2) If the subject vomits during the observation (deprivation) period, the process shall be started over by having the individual rinse the oral cavity with water.
>
> 3) If the individual continues to vomit, alternate testing shall be considered."

¶ 9 Defendant argues that, given Officer Haase's equivocal testimony concerning when the 20-minute observation period began, the court should have discredited his statement that he administered the breath test only after observing defendant for 20 minutes. He further contends that Officer Haase was impeached by his police report, which did not contain an entry for when the observation period began. We disagree.

¶ 10 "Where testimonial evidence is conflicting, it is within the province of the trier of fact to determine credibility." *People v. Zator*, 209 Ill. App. 3d 322, 328 (1991). More specifically,

the trial court is charged with evaluating how any inconsistencies in a witness's testimony affect the credibility of the whole testimony. See *People v. Cunningham*, 212 Ill. 2d 274, 283 (2004). The court's credibility determinations "should not be disturbed on review unless such findings are palpably against the manifest weight of the evidence." *Zator*, 209 Ill. App. 3d at 328.

¶ 11 Here, it is undisputed that Officer Haase began reading the warning to motorists at 12:43 a.m. and administered the breath test at 1:02 a.m. As to the sequence of events, he testified that he arrested defendant at 12:30 a.m., transported him to the police station, and began to fill out paperwork, which took approximately 10 minutes. Officer Haase further testified that he began the 20-minute observation period 10 minutes before he read the warning at 12:43 a.m., while he was filling out the paperwork; he also acknowledged that he did not explicitly make an entry in the police report as to when the observation period commenced.[1] On cross-examination, however, he testified that he began the observation period "probably within" 15 minutes of arriving at the police station. Officer Haase testified that he ultimately observed defendant for 29 minutes before administering the breath test.

¶ 12 Based on the evidence, we cannot conclude that the court's finding that defendant failed to make a *prima facie* case for rescission was against the manifest weight of the evidence. Although Officer Haase's testimony that he "probably" began the observation period within 15 minutes of arriving at the police station might seem contradictory to his statement that he observed defendant for 29 minutes, that fact alone did not mandate that Officer Haase's testimony be discredited in its entirety. Indeed, a court may accept part of a witness's testimony without accepting all of it. See *People v. Hicks*, 133 Ill. App. 2d 424, 437 (1971). The trial court here credited Officer Haase's consistent testimony that he began the 20-minute observation period before he read the warning and that he observed defendant for 20 continuous minutes before he gave the breath test. The court did not credit the slight inference from the police report's lacking a start time that the observation period might have begun after Officer Haase read the warning.

¶ 13 Defendant's reliance on *In re Nicholas L.*, 407 Ill. App. 3d 1061 (2011), is misplaced. In *Nicholas L.*, this court reversed an order that allowed the State to involuntarily administer psychotropic medication to the respondent. *Id.* at 1062. At the hearing, the State was required to prove by clear and convincing evidence that the respondent lacked the capacity to make a reasoned decision for himself. *Id.* at 1079. As one basis for the reversal, this court reasoned that the trial court's order was against the manifest weight of the evidence because the expert testimony was equivocal. *Id.* at 1076. Specifically, the State's expert testified on direct and cross-examination that the respondent had the capacity to make a reasoned decision for himself, but he testified on redirect examination that the respondent did not have the capacity. *Id.* at 1075-76.

¶ 14 Unlike in *Nicholas L.*, Officer Haase's testimony was not equivocal. He consistently testified that he began the observation period before he read the warning to defendant at 12:43 a.m. and that he observed defendant for a continuous 20 minutes before giving the breath test.

---

[1]The police report, which was not admitted into evidence, apparently contained a paragraph that stated that Officer Haase read the warning to motorists at 12:43 a.m. The next sentence apparently stated that "after the matter of a 20[-]minute observation period, at 1:02 [he] administered the test."

¶ 15    *In re Summary Suspension of Driver's License of Ramos*, 155 Ill. App. 3d 374 (1987), is instructive. In *Ramos*, the appellate court held that there was "substantial compliance" with the 20-minute observation period even though the officer's attention was diverted away from the defendant for six minutes while the officer reset the breathalyzer. *Id.* at 376-77. The court noted that the defendant was seated in the same hallway as the officer; did not smoke, regurgitate, or vomit; did not remove anything from his mouth; and was constantly within the peripheral vision of the officer. *Id.* Here, as in *Ramos*, there was "substantial compliance" with the 20-minute observation period. Officer Haase testified that he observed defendant for 20 minutes and that defendant did not ingest anything, belch, or vomit.

¶ 16    Defendant argues in his reply brief that *Ramos* is distinguishable, because Officer Haase never testified that defendant was in his direct line of sight or in his peripheral vision and only responded to a leading question omitting those facts. Defendant's argument is unavailing. Indeed, defendant filed the petition to rescind the summary suspension, and therefore, he had the burden to make a *prima facie* case that the test results were unreliable. *Aleliunaite*, 379 Ill. App. 3d at 978. For the reasons explained above, defendant failed to satisfy his burden. No evidence or testimony was presented that remotely suggested that defendant was not within Officer Haase's direct line of sight or peripheral vision during the entirety of the time that they were at the police station. As the burden to justify the suspension never shifted to the State, we will not reverse the trial court's findings on the basis that the State did not elicit such testimony from defendant's witness.

¶ 17    Furthermore, to the extent that defendant appears to argue that the 20-minute observation period should start only after a defendant is read the warning, we reject such argument. Section 1286.310 states, in relevant part, that "[p]rior to obtaining a breath analysis reading from a subject, the [breath-analysis operator] or another agency employee shall continuously observe the subject for at least 20 minutes." 20 Ill. Adm. Code 1286.310(a) (2004). Nowhere does the regulation provide that the 20-minute observation period begins only after the warning is read to the defendant. If we were to construe the regulation as requiring as much, we would be reading into it conditions the drafters did not include. See *Bonutti*, 338 Ill. App. 3d at 341 ("[T]he plain language must be given effect, without reading into it exceptions, limitations, or conditions that the legislature did not express."). Moreover, any reliance defendant puts on the "DUI Checklist" is misplaced. Not only does the checklist fail to indicate that the sequence of events delineated must be followed in the listed order but, more importantly, the checklist is not authority to which we or the trial court are bound.

¶ 18    Defendant also argues that Officer Haase had a duty to record the time when the 20-minute observation period began. In making his argument, defendant points to no authority, and this court is unaware of any, that mandates that an officer must document when the 20-minute observation period commences. In the absence of authority providing that an officer must record the time when the 20-minute observation period begins, we find defendant's argument unavailing.

¶ 19    Accordingly, the breath test was properly administered, and the trial court did not err in finding that defendant failed to make a *prima facie* case for rescission.

¶ 20    The second issue defendant raises is whether he was denied due process when the State failed to disclose to him before the hearing that Officer Haase would testify that he began the 20-minute observation period before he read the warning to defendant. In addressing this issue, we first observe that a defendant's right to receive exculpatory or impeaching evidence in the

State's possession applies in criminal cases. See *People v. Kladis*, 2011 IL 110920, ¶ 25; see also *Brady v. Maryland*, 373 U.S. 83, 87 (1963). As noted, summary suspension proceedings are civil, not criminal. *Pollitt*, 2011 IL App (2d) 091247, ¶ 13. Thus, we question defendant's ability to challenge the nondisclosure of the evidence at issue here. See *Kladis*, 2011 IL 110920, ¶ 25 (outlining limited evidence discoverable in misdemeanor cases). The cases defendant cites in his reply brief in support of his position are inapposite. See *People v. Bywater*, 223 Ill. 2d 477, 486 (2006) (providing that, before a motorist's driving privileges may be suspended, the motorist must be given notice and an opportunity to be heard); *People v. Schaefer*, 154 Ill. 2d 250, 261 (1993) (statutory summary suspension becomes effective 46 days after notice of suspension is given).

¶ 21    Moreover, defendant has not cited any authority, and this court is unaware of any, that provides that a *Brady* violation arises when a defendant is not informed about the substance of the testimony of a witness. Thus, we fail to see how the State's failure to inform defendant about what Officer Haase would testify to in relation to the contents of his police report constitutes a *Brady* violation.

¶ 22    Putting aside those concerns, we note that, even if *Brady* applied here, defendant's claim would not be viable. In *Brady*, the Supreme Court determined that the State violates a defendant's right to due process if it fails to disclose evidence favorable to the defendant and material to guilt or punishment. *Brady*, 373 U.S. at 87. To establish a *Brady* violation, the defendant must demonstrate that (1) the evidence, whether exculpatory or impeaching, was favorable to him; (2) the State failed to disclose the evidence in response to a specific request; and (3) the defendant was prejudiced by the State's failure to disclose the evidence, as the evidence was material. *People v. Carballido*, 2015 IL App (2d) 140760, ¶ 66. Evidence is "material" for the purposes of *Brady* if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed. *Id.* This " 'reasonable probability' " is defined as " 'a probability sufficient to undermine confidence in the outcome.' " (Internal quotation marks omitted.) *Id.* (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). We review *de novo* whether the State committed a *Brady* violation. See *People v. Hood*, 213 Ill. 2d 244, 256 (2004).

¶ 23    Defendant argues that Officer "Haase's testimony, [which was] inconsistent with his police report as to when Officer [Haase] commenced the 20[-]minute observation period, was clearly impeaching." We disagree. First, we cannot conclude that Officer Haase's testimony was inconsistent with his report. He testified that he observed defendant for 20 minutes before administering the breath test. In his report, Officer Haase indicated that " '[a]fter the matter of a 20[-]minute observation period, at 1:02 [he] administered the test.' " In contrast to what defendant argues, Officer Haase's testimony and his report are entirely consistent. Second, we believe that, even if Officer Haase's testimony could be seen as contradicting his report, the inconsistency was not material. Defendant seems to argue that, whereas the report indicated that the warning was given before the 20-minute observation period began, Officer Haase testified that the warning was given after the observation period commenced. As noted above, the 20-minute observation period is in no way tied to the giving of the warning. Thus, the time at which the warning was given, in relation to the commencement of the 20-minute observation period, was not material under *Brady*.

¶ 24    For the above-stated reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 25        Affirmed.